IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Ryan Tvelia, | ) | C/A No. 1:24-4166-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Barnwell County; Timothy Bennett; Ben Kinlaw, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Ryan Tvelia, who was formerly employed with the Barnwell County Assessor's Office, filed a Complaint in the Barnwell County Court of Common Pleas against the defendants. The Complaint asserts state law claims of civil conspiracy, public policy discharge, intentional infliction of emotional distress, tortious interference with contract, and defamation. The defendants removed the case to federal district court pursuant to 28 U.S.C. § 1441, asserting jurisdiction based upon 28 U.S.C. § 1331. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Tvelia's motion to remand this case to state court. (ECF No. 7.) The defendant filed a response in opposition to Tvelia's motion (ECF No. 10), and Tvelia filed a reply (ECF No. 14). Having reviewed the parties' submissions, the court concludes that it lacks subject matter jurisdiction over these claims. Tvelia's motion for remand should therefore be granted, and this case should be remanded to the Barnwell County Court of Common Pleas.

## DISCUSSION

A defendant may remove any civil action brought in a state court of which the federal district court has original jurisdiction. 28 U.S.C. § 1441(a). The court must remand the case at

any time before the final judgment if it appears that the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). The United States Supreme Court has commanded that, when considering jurisdiction over a removed case, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) (internal quotation marks and citation omitted). In addition, "[r]emoval statutes must be strictly construed against removal," Scott v. Greiner, 858 F. Supp. 607, 610 (S.D. W. Va. 1994), and a federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993). Where removal is challenged, the defendant bears the burden of establishing jurisdiction by a preponderance of the evidence. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994); Chau v. Air Cargo Carriers, LLC, 425 F. Supp. 3d 658, 661 (S.D.W. Va. 2019).

It is well settled that the determination of federal question jurisdiction is governed by the "well-pleaded complaint rule," which requires for the exercise of federal jurisdiction based upon 28 U.S.C. § 1331 that a federal question be presented on the face of the plaintiff's well-pleaded complaint. Harless v. CSX Hotels, Inc., 389 F.3d 444, 450 (4th Cir. 2004) (citing Aetna Health Inc. v. Davila, 542 U.S. 200 (2004)); see also King v. Marriott Int'l, Inc., 337 F.3d 421 (4th Cir. 2003). Under the well-pleaded complaint rule, "[s]tate law complaints usually must stay in state court when they assert what appear to be state law claims." Lontz v. Tharp, 413 F.3d 435, 440 (4th Cir. 2005). Only actions that could have been originally filed in federal court may be removed from state court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The plaintiff is the master of the complaint and may avoid federal jurisdiction by exclusively relying upon state law. Id.

Plaintiffs are entitled to "structure their complaint in the way they think most advantageous." Burrell v. Bayer Corp., 918 F.3d 372, 383 (4th Cir. 2019) (quoting Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005).

Here, the plaintiff expressly pled only state law claims. Though the defendant contends that the plaintiff camouflaged his federal ADA claim as a state law claim for intentional infliction of emotional distress, the court disagrees. In fact, the plaintiff filed a separate case asserting ADA claims. See C/A No. 1:24-3993-SAL-TER. Whether or not the plaintiff ultimately may be required to make an election of remedies should he prevail on both claims,[1] the court concludes that the law allows him to split his federal and state claims at this juncture.

## RECOMMENDATION

Accordingly, the court recommends that the plaintiff's motion to remand (ECF No. 7) be granted.

October 16, 2024
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[1] A plaintiff "may not receive a double recovery under different legal theories for the same injury." Gordon v. Pete's Auto Serv. Of Denbigh, Inc., 637 F.3d 454, 460 (4th Cir. 2011). Whether the ADA and state law claim are really about the same injury is a question the court need not yet decide. But see Ward v. AutoZoners, LLC, 958 F.3d 254, 271-72 (4th Cir. 2020) (allowing recovery of compensatory damages under both ADA and intentional infliction of emotional distress, finding one compensated for physical injuries and the other compensated for emotional injuries); (see Pl.'s Mem. Supp. Mot. Remand at 3, ECF No. 7-1 at 3) (discussing the different time periods covered by the intentional infliction of emotional distress claim and the ADA claims).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).